## UNITED STATES COURT OF INTERNATIONAL TRADE

**BEFORE: THE HONORABLE (UNASSIGNED)**

| | |
|---|---|
| ZTE USA, Inc.,<br><br>    PLAINTIFF,<br>v.<br>THE UNITED STATES,<br><br>    DEFENDANT | COURT NUMBER<br>17-00053 |

## **COMPLAINT**

Plaintiff, ZTE USA, Inc., by and through its undersigned attorney, alleges the following as its Complaint:

1. The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1581(a).

2. Plaintiff is the protestant, the importer of record, the owner of the merchandise that is the subject of this action, has a financial interest in the merchandise that is the subject of this action, and has standing to bring this action.

3. The protest covered by this action was timely filed.

4. The merchandise that is the subject of this action consists of smart phones.

5. Plaintiff through this action contests Customs' decision to exclude its smart phones.

6. Plaintiff's imported smart phones were presented for customs examination on January 5, 2017.

7. Five days after Plaintiff's smart phones were presented for customs examination, the smart phones had not been released by Customs and thereby became detained merchandise pursuant to 19 U.S.C. § 1499(c)(1). By letters and notices dated January 12, 2017 and January 27, 2017, Customs informed Plaintiff of its detention of the smart phones.

8. Customs failed to make a final determination with respect to the admissibility of the detained smart phones within 30 days of the smart phones having been presented for custom examination, and, pursuant to 19 U.S.C. § 1499(c)(5)(A), that failure shall be treated as a protestable decision by Customs to exclude merchandise from entry for purposes of 19 U.S.C. § 1514(a)(4).

9. Plaintiff filed a valid protest of Customs' exclusion of its smart phones under 19 U.S.C. § 1514(a)(4), on February 9, 2017.

10. On March 2, 2017, Plaintiff received Customs' seizure notice. The seizure notice was sent by certified mail on February 28, 2017. The seizure notice was dated February 16, 2017. The seizure notice incorrectly represented that the smart phones were seized on February 9, 2017.

11. At the time Plaintiff filed its protest, its smart phones had not been seized by Customs.

12. Pursuant to 19 U.S.C. § 1499(c)(5)(B), Plaintiff's protest is deemed denied on the 30th day after which it was filed, for purposes of exclusive jurisdiction at the U.S. Court of International Trade under 28 U.S.C. § 1581.

13. Pursuant to 19 U.S.C. § 1499(c)(5)(C), unless Customs establishes by a preponderance of the evidence that its admissibility decision has not been reached for good cause, the Court shall grant appropriate relief which may include, but is not limited to, an order to release the merchandise.

14. Customs' admissibility decision concerning Plaintiff's smart phones was not reached for good cause.

15. Customs erroneously excluded the smart phones solely for bearing an allegedly counterfeit MicroSD trademark.

16. The owner of the MicroSD trademark is the SD Group, which consists of three companies that jointly developed the associated technology and intellectual property: Panasonic Corporation, SanDisk Corporation, and Toshiba Corporation.

17. The SD Group granted to SD-3C, LLC the right to grant licenses for the use of the MicroSD trademark.

18. Plaintiff's importation of the smart phones bearing the MicroSD trademark was authorized by a license agreement with SD-3C, LLC. This license agreement was executed and became effective in 2012, had an initial term of three years, and automatically extends for additional one year periods thereafter until ten years after the effective date, or until 2022.

19. SD-3C, LLC engaged the accounting firm Miller, Kaplan Arase & Co. LLP of North Hollywood, California (hereinafter "Miller") to administer the license agreement that granted Plaintiff the right to import merchandise bearing the MicroSD trademark.

20. Miller incorrectly addressed the invoice to Plaintiff for the license agreement fee of $1,000 for calendar year 2016. Miller's error in addressing the invoice caused payment to be delayed. On May 25, 2016, Plaintiff paid the license agreement fee of $1,000 for calendar year 2016.

21. On June 17, 2016 and August 17, 2016, Miller sent notices to Plaintiff of a material breach of the license agreement. Miller's notices of breach incorrectly stated that Plaintiff had not paid the license agreement fee of $1,000 for calendar year 2016. Miller's notices of breach were not sent to the addressees specified in the license agreement for such notice. Miller's notices of breach were defective under the license agreement.

22. Miller sent notice of termination of the license agreement for failure to cure the incorrectly alleged material breach identified in its defective notices of breach. Miller's notice of termination of the license agreement was not sent to the addressees specified in the license agreement for such notice. Miller's notice of termination was defective under the license agreement.

23. Under the terms of the license agreement as provided at Paragraph 14 thereof, the license agreement extended to cover the smart phones presented for entry into the United States customs territory by Plaintiff on January 5, 2017.

24. The calendar year 2017 license agreement fee was timely paid by Plaintiff.

25. Based upon information and belief, Customs examined Plaintiff's imported smart phones, identified the MicroSD trademark, contacted Miller as the party identified in Customs' trademark recordation program for inquiries concerning imported goods bearing the MicroSD trademark, and was incorrectly told by Miller that Plaintiff's smart phones were not covered by a license agreement and therefore were counterfeit.

26. Miller failed to record licensee fee payments made by Plaintiff under the license agreement, failed to give effective notice of breach of the license agreement, failed to give effective notice of termination of the license agreement, and erroneously represented to Customs that the January 5, 2017 importation of Plaintiff's smart phones bearing the MicroSD trademark was not authorized under the license agreement.

27. Plaintiff's imported smart phones are not counterfeit, bear a MicroSD trademark that is authorized under a license agreement with the owner of that trademark, and are admissible into the United States. Customs erred in excluding Plaintiff's smart phones due to Miller's mistakes in administering the license agreement and Miller's misrepresentations to Customs.

**Request for Relief**

WHEREFORE, Plaintiff requests this Honorable Court to enter judgment in its favor, that Customs' admissibility decision has not been reached for good cause, that the merchandise is admissible, and further directing the Customs Port Director at the port of entry to release the merchandise from customs custody for delivery to Plaintiff and admission into the U.S. customs territory without Customs imposing charges for storage or transport due to the detention; and to grant the Plaintiff such additional and further relief as this Court may deem just.

Respectfully Submitted,

/s/ Myron Paul Barlow

Myron Paul Barlow, Esq.
Barlow & Company, LLC
877 Baltimore Annapolis Blvd., Suite 309
Severna Park, MD 22146
Tel: (410) 315-9681
mb@barlowpllc.com

Dated: May 9, 2017